UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

BIOGENIC, INC. *et al.*,

    Defendants.
_____/

Case No. 21-cv-12236
Hon. Matthew F. Leitman

**<u>ORDER DENYING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER (ECF No. 17)</u>**

In this action, the United States Securities and Exchange Commission (the "SEC") alleges that the Defendants committed securities fraud arising out of the sale of certain investment contracts. (*See* Compl., ECF No. 1.) On March 14, 2022, the SEC served deposition notices on Defendants Susann and Zachari Cargnino. The Cargninos have now filed a motion for a protective order, and they ask the Court to quash the deposition notices. (*See* Mot., ECF No. 17.) The Cargninos say that the SEC already deposed each of them during the investigation phase of these proceedings, and they insist that having to appear for a second deposition would "cause annoyance, oppression, and undue burden or expense." (*Id.*, PageID.146.)

1

The Court has carefully reviewed the motion, and for the reasons explained below, the motion is **DENIED**.[1]

## I

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. Rule Civ. Proc. 26(c)(1). Upon the filing of such a motion, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. "This Circuit has endorsed the view that to justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (internal quotation marks and citation omitted). The burden of establishing such harm is on the party moving for the protective order, and the burden is "substantial." *Id.* at 901-02.

## II

The Court concludes that the Cargninos have not met their "substantial" burden to justify a protective order under the facts that exist here. The Cargninos

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

insist that a second deposition would be inappropriate because they have already been deposed once during the investigative phase of these proceedings, and a second deposition "would be cumulative and unnecessary." (Mot., ECF No. 19, PageID.146.) But, as several other courts have explained, "discovery should not [be] foreclosed to the [SEC] merely because of its pre-filing investigation." *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000). *See also SEC v. Saul*, 133 F.R.D. 115, 118 (N.D.Ill. 1990) (explaining that "there is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case"). Indeed, "[n]ow that the SEC has sifted through its investigatory findings [and] filed suit … it may wish to recalibrate its approach to discovery," and it should be allowed to do so. *SEC v. Espuelas*, 699 F.Supp.2d 665, 659 (S.D.N.Y. 2010). Thus, even though "[t]he SEC's motives and concerns in [the investigation] setting may not be dramatically different from those which currently underlie its preparation for trial[,] ... the contexts are sufficiently different to merit further discovery." *Saul*, 133 F.R,D. at 118. Finally, the Cargninos have not identified any case in which a court has denied the SEC discovery or granted a protective order under similar circumstances. Nor have they "illustrated with a particular and specific demonstration of fact" the precise harm that they would suffer from a second deposition. *Serrano*, 699 F.3d at 901. The Court therefore declines to issue the Cargninos a protective order.

## III

For all of the reasons explained above, the Cargninos' motion for a protective order (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
