UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Securities and Exchange Commission,

    Plaintiff,

vs.

Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, Tek Wellness Inc., Capital Care Management LLC, Susann Ashley Cargnino a/k/a Susann Ashley Walker a/k/a Ashley Walker, Zachari Alan Cargnino a/k/a Zach Alan, Julie Ann Youssef a/k/a Julie Ann a/k/a Julie Joseph, and Gary Youssef a/k/a Gary Joseph,

    Defendants.

Case No. 21-cv-12236
Hon. Matthew F. Leitman

## **FINAL JUDGMENT AGAINST ALL DEFENDANTS**

The Securities and Exchange Commission ("Commission") filed a Complaint on September 23, 2021, against Defendants Zachari Alan Cargnino, Susann Ashley Cargnino, Julie Youssef, Gary Youssef, Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, Tek Wellness Inc., and Capital Care Management LLC ("Defendants"). The SEC alleged that Defendants engaged in a fraudulent scheme, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)] and Rule

10b-5 thereunder [17 C.F.R. 240.10b-5] and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15. U.S.C. 77q(a)], and that they offered and sold unregistered securities in violation of Section 5 of the Securities Act [15 U.S.C. § 77(a) and (c)].  The Court has previously entered judgment on Defendants' liability while reserving judgment on financial remedies.  (ECF Nos. 7, 8, and 65). Thereafter, the Commission filed a Motion for Entry of Final Judgment against all Defendants pursuant to the Court's Order of August 1, 2024.  (ECF No. 66). Having considered the Commission's motion, its supporting material, and any responses filed by Defendants, the Court orders as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's Motion for entry of final judgment against all Defendants is GRANTED.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or

sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zachari Alan Cargnino, Susann Ashley Cargnino, Julie Ann Youssef, Gary Youssef, Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, and Tek Wellness Inc., are permanently restrained and

enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

> (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
>
> (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
>
> (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants Zachari Alan Cargnino, Susann Ashley Cargnino, Julie Ann Youssef, Gary Youssef, Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, and Tek Wellness Inc., and their officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Zachari Alan Cargnino, Susann Ashley Cargnino, Julie Ann Youssef, Gary Youssef, Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, and Tek Wellness Inc., or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendants, participating in the issuance, purchase, offer, or sale of any security in an unregistered transaction, including but not limited to investment contracts or other securities related to medical testing devices or medical equipment; provided, however, that such injunction shall not prevent Zachari Alan Cargnino, Susann Ashley Cargnino, Julie Ann Youssef, and Gary Youssef from purchasing or selling securities listed on a national securities exchange for his or her own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

**Disgorgement, Prejudgment Interest, and Civil Penalties to be Paid**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

Zachari Cargnino, Susann Cargnino (together, the "Cargninos"), Biogenic, Inc., Diagnostic Link Ltd, LLC, Vital Systems Ltd LLC, BioTek Holdings LLC, and Tek Wellness Inc. are jointly and severally liable for disgorgement of $7,104,521, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,574,657, and Zachari Cargnino is liable for a civil penalty in the amount of $7,104,521, and Susann Cargnino is liable for a civil penalty of $230,465, pursuant to Section 21(d)(3), (5), and (7) of the Exchange Act [15 U.S.C. § 78u(d)(3), (5), and (7)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

Julie Ann Youssef and Gary Youssef (the "Youssefs") are jointly and severally liable with each other and with all other Defendants except Capital Care Management LLC ("Capital Care") for disgorgement of $522,326, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $115,769, and are each liable for civil penalties in the amount of $460,928, pursuant to Section 21(d)(3), (5), and (7) of the Exchange Act [15 U.S.C. § 78u(d)(3), (5), and (7)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

Capital Care is jointly and severally liable with all other Defendants except the Youssefs for disgorgement of $458,860, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $101,700, pursuant to Section 21(d)(3), (5), and (7) of the Exchange Act [15 U.S.C. § 78u(d)(3), (5), and (7)].

Defendants shall satisfy these obligations by paying the above detailed amounts to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the specific Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, and penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Cargninos' or the Youssefs' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant(s) shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this

paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

                                                      s/Matthew F. Leitman  
                                                     MATTHEW F. LEITMAN  
                                                     UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 20, 2025, by electronic means and/or ordinary mail.

                                                       s/Holly A. Ryan  
                                                     Case Manager  
                                                     (313) 234-5126